IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHNY A. TEEGARDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 14-00435-CV-W-DW-SSA |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Plaintiff's complaint seeking review of an unfavorable final decision of the Commissioner of Social Security ("Commissioner") on his application for Title II disability benefits under the Social Security Act ("the Act"). A hearing was held on February 7, 2013 before an Administrative Law Judge ("ALJ"),[1] who decided that Plaintiff was not disabled under the Act. Plaintiff's subsequent request for review was denied by the Appeals Council of the Social Security Administration. Thus, judicial review is now appropriate, as Plaintiff has exhausted his administrative remedies. See 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have presented the complete facts and arguments in their briefs, which will not be duplicated here. After carefully reviewing the record, the Court concludes the Commissioner's decision should be affirmed.

The Court's review is limited to determining if the ALJ properly applied the law and whether the ALJ's findings of fact are supported by substantial evidence on the record as a whole. See §§ 405(g), 1383(c)(3); see also Halverson v. Astrue, 600 F.3d 922, 929 (8th Cir. 2010). Substantial evidence is "less than a preponderance, but enough that a reasonable mind

---
[1] The Honorable Guy E. Taylor.

would find it adequate to support the Commissioner's decision." Fredrickson v. Barnhart, 359 F.3d 972, 976 (8th Cir. 2004). The Court evaluates the whole record, considering evidence which both supports and detracts from the Commissioner's decision. Byes v. Astrue, 687 F.3d 913, 915 (8th Cir. 2012). "If substantial evidence supports the Commissioner's conclusions, this court does not reverse even if it would reach a different conclusion, or merely because substantial evidence also supports the contrary outcome." Travis v. Astrue, 477 F.3d 1037, 1040 (8th Cir. 2007). An individual claiming disability has the burden of proving that he is unable to engage in any substantial gainful activity because of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. See 42 U.S.C. § 423(d)(1)(A). A five-step sequential test is used to determine if an individual is disabled under the Act. See 20 C.F.R. § 404.1520(a)(1).

In applying the sequential test, the ALJ found first that Plaintiff has not engaged in substantial gainful activity since his alleged onset date of May 10, 2009. At step two, the ALJ found that Plaintiff has the following severe impairment: degenerative disc disease of the lumbar spine. The ALJ determined at step three that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to step four, the ALJ formulated Plaintiff's residual functional capacity ("RFC"), which is the most a claimant is able to do despite his limitations. See 20 C.F.R. § 404.1545(a)(1). In making this assessment, the ALJ was required to consider all of Plaintiff's medically determinable impairments, both severe and "not severe." See 20 C.F.R. § 404.1545(a)(2). The ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) including he can lift and carry 25 pounds occasionally and 10 pounds

frequently; stand and walk for 4 of 8 hours; sit for 4 of 8 hours; occasionally climb stairs; occasionally balance, stoop, kneel, crouch and crawl; cannot climb ladders; can perform unlimited pushing and pulling; can perform frequent work with his hands and fingers; and is limited to semi-skilled work requiring an SVP of 4 or less.

Considering this RFC, the ALJ found that Plaintiff is unable to perform his past relevant work as an ironworker. At step five, however, the ALJ considered Plaintiff's age, education, work experience, and RFC, and found there are jobs that exist in significant numbers in the national economy that he can perform, such as small parts assembler, routing clerk, and mail room clerk. As a result, the ALJ concluded that Plaintiff was not under a disability.

In his brief, Plaintiff alleges the following errors: (1) the RFC is unsupported by the substantial evidence of the record as a whole and does not comply with the correct legal standards; and (2) the ALJ failed to sustain the Commissioner's burden at step five.

Upon consideration of the parties' briefs, the record and the law, the Court agrees with the arguments set forth by the Commissioner. Accordingly, for the reasons stated in the Commissioner's brief, the Court finds that substantial evidence supports the ALJ's findings and conclusions. Therefore, the Commissioner's decision is AFFIRMED.

SO ORDERED.

Date: June 4, 2015 /s/ Dean Whipple
Dean Whipple
United States District Judge